**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ARIS ETHERLY,** | )<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 07 C 0057<br>) |
| **GREGORY SCHWARTZ,** | )<br>)<br>) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

On August 28, 2009, I granted Aris Etherly's petition for a writ of habeas corpus because I concluded that the confession on which his conviction was based was not voluntary, and that the Illinois Appellate Court's determination to the contrary was an unreasonable application of Supreme Court precedent. Now before me are two motions by respondent: a motion to alter the judgment and a motion to stay the judgment pending appeal. For the reasons stated below, I grant the motion to alter the judgment but deny the request for a stay.

The order accompanying my August 28th opinion did not require specific action on the part of respondent but stated, "Etherly's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to overturn his conviction and sentence is granted." Respondent seeks to amend that order to read: "Petitioner's Petition for Writ of Habeas Corpus is Granted. Petitioner Aris Etherly shall be released from custody on the conviction challenged in this action unless the State of Illinois commences proceedings to afford

petitioner a new trial within 120 days of the entry of this judgment, subject to delays agreed upon by the parties or necessitated by any pretrial motions filed by petitioner." Petitioner opposes the motion but acknowledges that upon granting a habeas petition, district courts commonly specify a period of time in which the state must either retry or release the petitioner. In fact, the Supreme Court noted in *Herrera v. Collins*, 506 U.S. 390, 403 (1993), that "[t]he typical relief granted in federal habeas corpus is a conditional order of release unless the State elects to retry the successful habeas petitioner...." While it is far from clear that the state will ultimately be able to mount a convincing case against petitioner without reliance on his involuntary confession, in light of the presumption favoring "conditional" orders of release, it is not unreasonable to allow the state the requested 120-day period to examine its options.

The tables are turned, however, with respect to respondent's request for a stay, as it is petitioner who benefits from a presumption in his favor pursuant to Fed. R. App. Proc. 23(c). *O'Brien v. O'Laughlin*, —S.Ct.—, 2009 WL 2831420 at *1 (Aug. 26, 2009) ("There is a presumption of release pending appeal where a petitioner has been granted habeas relief."). To overcome this presumption, respondent must demonstrate that the "traditional factors" to be analyzed when considering whether to stay weigh in favor of a grant. *Id*; *see also Hilton v. Braunskill*, 481 U.S. 779,

775 (1987). These factors are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits...; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*O'Brien,* 2009 WL 2831420 at *1 (Citations omitted). These factors do not militate in favor of a stay in this case.

As to the first factor, the crux of respondent's argument seems to be that the stringency of the standard for granting habeas relief under 28 U.S.C. § 2254, makes it unlikely that the court of appeals will agree with my determination that it was met in this case. I am not persuaded by this argument. My August 28th opinion squarely acknowledges the "highly deferential standard of review" to which state court judgments are entitled under § 2254, *Etherly v. Schwartz*, No. 07 C 57,---F.Supp.2d.---, 2009 WL 2768421 at *3 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)), and respondent mischaracterizes my analysis by describing it as a mere "disagreement" with the state court's application of Supreme Court jurisprudence.

Respondent similarly fails to show that he will suffer irreparable injury in the absence of a stay. The injury he claims is that of "having to prosecute a potentially expensive retrial that may be rendered unnecessary by a successful appeal." But the state is entitled (and may indeed be wise) to postpone the initiation of a new trial until the conclusion of its appeal. *See*

3

*Hampton v. Leibach*, No. 99 C 5473, 2001 WL 1618737 (Dec. 18, 2001) (Kennelly, J.). A decision not to issue a stay simply does not force the state's hand in the way respondent suggests. Moreover, respondent's argument that the state will suffer irreparable injury if petitioner is released because petitioner presents a danger to the public, while perhaps not entirely speculative (respondent submits petitioner's Department of Corrections disciplinary record, which reflects several incidents of threatened or actual violence), is not so persuasive as to tip the scales in respondent's favor. It is undisputed that petitioner has no criminal record other than the conviction challenged in his habeas petition. And respondent's claim that irreparable harm will result if he is forced to release "an admitted murderer" into the community is flawed in several respects: First, respondent's characterization of petitioner relies on the very admission I held to be involuntary. Second, petitioner's conduct as a fifteen year old adolescent is, in any event, insufficiently reliable as a predictor of how he may now behave in the community (as a twenty-nine year old man, after more than a decade in custody) to eclipse petitioner's interest in being released from a presumptively invalid prison sentence.

The third factor--substantial harm to the petitioner--clearly weighs against a stay. Petitioner "suffers irreparable harm each day that he is imprisoned in violation of the United States Constitution." *Hampton*, 2001 WL 1618737 at *2 (quoting *Burdine v. Johnson*, 87 F.Supp.2d 711, 717 (S.D.Tex. 2000)).

4

Finally, while the public has an interest in keeping dangerous individuals out of the community, it also has an interest in maintaining the integrity of the criminal justice system. In this case, as noted above, the evidence of petitioner's danger to the community is insufficient to outweigh the common interest in freedom from unconstitutional criminal convictions.

For the foregoing reasons, respondent's motion to stay the judgment of August 28, 2009, is denied, and respondent's motion to alter the judgment of August 28, 2009, is granted. The court's order should now state, "Petitioner's Petition for Writ of Habeas Corpus is Granted. Petitioner Aris Etherly shall be released from custody on the conviction challenged in this action unless the State of Illinois commences proceedings to afford petitioner a new trial within 120 days of the entry of this judgment, subject to delays agreed upon by the parties or necessitated by any pretrial motions filed by petitioner."

**ENTER ORDER:**

_____
 **Elaine E. Bucklo**
 United States District Judge

Dated:  October 9, 2009